OPINION
{¶ 1} Defendant, R.L. Young Associates, Inc., et al ("R.L. Young"), appeals from an order granting a motion for relief from judgment filed pursuant to Civ.R. 60(B) by Plaintiff Covert Options Inc. ("Covert").
 {¶ 2} On May 3, 2002, Covert commenced an action against R.L. Young claiming damages of $3,733 for monies due and owing. The case was set for trial on February 4, 2003.
 {¶ 3} R.L. Young and its counsel appeared for trial. Covert and its attorney failed to appear. The court was unable to contact Covert's counsel. R.L. Young moved for a judgment dismissing Covert's action. The trial court granted R.L. Young's motion orally on that same day and, two days later, entered a written judgment dismissing Covert's action with prejudice.
 {¶ 4} Approximately two hours after the trial court had orally granted R.L. Young's motion, Covert's counsel filed a written motion for reconsideration, which was subsequently converted to a Civ. R. 60(B)(1) motion to vacate. Covert's counsel claimed that his failure to appear for trial was due to excusable neglect. The magistrate set aside the judgment of dismissal previously entered. R.L. Young filed a timely objection to the magistrate's decision. The trial court overruled R.L. Young's objection and adopted the magistrate's decision granting Covert's motion for relief from judgment.
 {¶ 5} R.L. Young filed a timely notice of appeal. It presents a single assignment of error.
ASSIGNMENT OF ERROR
 {¶ 6} "The Trial Erred by Granting Plaintiff /Appellee's Motion for relief from Judgement"
 {¶ 7} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph 2 of syllabus. Civ. R. 60(B)(1) states that on motion and upon such terms as are just, a court may relieve a party or its legal representative from a final judgment, order or proceeding for "mistake, inadvertence, surprise or excusable neglect." Civ. R. 60(B)(1).
 {¶ 8} The standard of review to be applied in appeals from the award or denial of Civ.R. 60(B) motions is an abuse-of-discretion standard. Associated Estates Corp. v. Fellows (1983), 11 Ohio App.3d 112;Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9. An abuse of discretion connotes an attitude by the court which is arbitrary, unconscionable, or unreasonable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." GTE Automatic, supra at 151.
 {¶ 9} The trial court expressly found that Covert had asserted a meritorious defense and that its Civ.R. 60(B) motion had been timely filed, satisfying the first and third requirements for relief under theGTE Automatic test. R.L. Young does not challenge those findings on appeal. The trial court further found that Covert had satisfied the second requirement for relief under Civ.R. 60(B) because its failure to appear at trial was the result of "excusable neglect."
 {¶ 10} R.L. Young argues that the trial court erred in its finding of excusable neglect and in granting relief from judgment. We disagree.
 {¶ 11} Whether a party's neglect has been excusable or inexcusable is a determination which must be made from all the individual facts and circumstances in each case. See Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17; Colley v. Bazell (1980), 64 Ohio St.2d 243. In its decision the trial court correctly noted that, in ruling on a Civ.R. 60(B) motion, any doubt should be resolved in favor of the movant. However, a "complete disregard of the judicial system" should not, for instance, be tolerated under the guise of "excusable neglect." GTEAutomatic Elec., supra, 47 Ohio St.2d at 153.
 {¶ 12} In finding that Covert's failure to appear at trial constituted "excusable neglect", the trial court relied an affidavit of Covert's counsel that stated that it was "inadvertence, oversight and an unfortunate clerical error" that led to the date and time of the trial not being transferred from his 2002 calender to his 2003 calender. The affidavit went on to state that counsel's failure to appear at trial was as a direct result of that error. The trial court noted that Covert's counsel had acted diligently throughout the proceedings and that his actions, up until the time he failed to appear for trial, did not demonstrate a disregard for the judicial system. Instead, it concluded that his failure to appear stemmed from simple human error.
 {¶ 13} We find no abuse of discretion in the trial court's findings. The trial court correctly determined that Covert had satisfied all three of the GTE Automatic requirements. After reviewing the record, we cannot find that the trial court acted in any way that was arbitrary, unconscionable, or unreasonable in making those findings.
 {¶ 14} Civ.R. 41(B)(1) provides that an order of dismissal for failure to prosecute may be entered by the court "after notice to plaintiff's counsel." Here, plaintiff's counsel learned of the court's oral order of dismissal after it was made, and he promptly filed a written motion to reconsider. Therefore, it cannot be said that Plaintiff's counsel lacked either notice or an opportunity to be heard when the court, two days after that, entered a written order of dismissal. However, the "notice" counsel had was of the court's decision to dismiss, and his subsequent request to the court that it reconsider its decision was unavailing. Civ.R. 41(B)(1) contemplates notice not of a decision that's been made but notice of some cause for a decision the court may prospectively make. Had notice been given to counsel of the court's own motion to dismiss, it seems that much of the resulting time and effort following the actual dismissal two days later, including this appeal, would likely have been avoided.
 {¶ 15} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Young, J., concur.