OPINION
{¶ 1} This case is before the Court on Plaintiff-Appellant Suzanne Gasper's direct appeal from a trial court's May 4, 2004 judgment affirming the magistrate's dismissal of her complaint for failure to prosecute.
 {¶ 2} Gasper, who throughout the proceedings has acted as her own counsel, originally filed her complaint against Defendants-Appellees Cathy Brewer and Federal Property Management Corp. on July 7, 2000, but she voluntarily dismissed it on November 6, 2001. She re-filed the complaint one year later. The case was set for trial before a magistrate on May 21, 2003. However, the trial was not completed on that day and was set to resume on July 2, 2003.
 {¶ 3} Gasper requested and received three continuances, all at very short notice. The fourth postponed trial date was April 12, 2004. On the morning of trial, Gasper advised the court and defendants by telephone that she was unavailable for trial. When she failed to appear, the defendants orally moved to dismiss the complaint. The magistrate granted the motion. Gasper promptly objected to the trial court judge, who affirmed the magistrate's dismissal. Gasper filed a timely notice of appeal.
 {¶ 4} In her sole assignment of error, Gasper claims that the trial court erred in dismissing her complaint for failure to prosecute because she was not made aware of the defendants' motion to dismiss, nor was she given the opportunity to respond to it. For the following reasons, we find that the trial court did abuse its discretion in dismissing Gasper's complaint for failure to prosecute without giving her notice of the motion or the opportunity to respond to it.
 {¶ 5} "The power to dismiss for lack of prosecution is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court has abused that discretion. Lopez v.Aransas County Independent School Dist. (C.A. 5, 1978), 570 F.2d 541, 544." Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91, 437 N.E.2d 1199. "The term, `abuse of discretion' connotes more than an error of law or judgment; it implies an unreasonable, arbitrary or unconscionable act on the part of the court in granting such motion." Id., citations omitted. Prejudice may be shown when neither the plaintiff nor her counsel was informed that dismissal was possible, nor was either given the opportunity to defend against it. Hillabrand v. Drypers Corp.,87 Ohio St.3d 517, 518, 2000-Ohio-1029, citation omitted.
 {¶ 6} Involuntary dismissals are prescribed in Civ.R. 41(B), which states: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or upon its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Thus, the plain language of the rule requires that Plaintiff's counsel be given notice of the possibility of dismissal. See, e.g., Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 2, 454 N.E.2d 951;Hillabrand, supra, at 518. Moreover, lack of counsel does not eliminate the notice requirement. Instead, notice must be given directly to the plaintiff. Perotti, supra, at 2.
 {¶ 7} Gasper was undeniably unaware of the defendants' oral motion for dismissal. Moreover, there is nothing in the record that indicates that Gasper was ever warned by the magistrate that her complaint faced possible dismissal. Even if Gasper had been made aware of the defendants' oral motion to dismiss, she was not provided with an opportunity to respond to it since the magistrate granted the motion just two days after it was made. Accordingly, we must sustain Gasper's sole assignment of error.
 {¶ 8} The judgment of the trial court is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.
Brogan, P.J. and Wolff, J., concur.