OPINION
{¶ 1} Plaintiff, Palisades Collection, LLC ("Palisades"), appeals from a decision of the Dayton Municipal Court dismissing with prejudice its Complaint against *Page 2 
Defendant, Warren E. Person, for failing to appear at trial.
 {¶ 2} On December 8, 2005, Palisades commenced an action against Mr. Person claiming damages in the amount of $2,589.13 for monies due and owing. The case was set for trial on March 1, 2006.
 {¶ 3} On or about February 23, 2006, Palisades submitted a voluntary dismissal of its Complaint without prejudice to the trial court. However, this dismissal was not filed with the court until April 5, 2006, at which time Palisades received a time-stamped copy. Believing that its Complaint had been dismissed without prejudice, Palisades did not appear at the trial. Consequently, the trial court filed a Decision and Entry on March 6, 2006, dismissing Palisade's Complaint with prejudice for failure to appear at trial. The record does not reflect that Palisades was given notice prior to the court's decision to dismiss the Complaint with prejudice.
 {¶ 4} Palisades subsequently filed a timely notice of appeal. On May 1, 2006, Palisades moved this court to supplement the record in order to include the voluntary dismissal of its Complaint journalized by the trial court on April 5, 2006. We overruled Palisades' motion but indicated that it could seek modification of the record with the trial court pursuant to App.R. 9(E). On June 27, 2006, Palisades filed a motion asking this court to stay the briefing schedule and remand this matter to the trial court to rule on its motion to correct the record. Again, we overruled Palisades' motion. However, we ordered that the clerk of courts supplement the record on appeal to include all entries up to, and including, the trial court's April 11, 2006 decision and entry dismissing the case without prejudice.
 {¶ 5} On appeal, Palisades raises one assignment of error: the trial court *Page 3 
committed reversible error when it dismissed Plaintiffs Complaint with prejudice without first giving notice to Plaintiff.
 {¶ 6} Our standard of review in this case is abuse of discretion. SeeJones v. Hartranft (1997), 78 Ohio St.3d 368, 371, 678 N.E.2d 530. An abuse of discretion implies an attitude on the part of the trial court that is arbitrary, unconscionable or unreasonable. Gasper v.Brewer, Montgomery App. No. 20566, 2005-Ohio-909, at]}5 (citations omitted). Furthermore, "although reviewing courts espouse an ordinary `abuse of discretion' standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits." Jones,78 Ohio St.3d at 372.
 {¶ 7} Upon our review of the record, we find that the trial court abused its discretion in failing to provide notice before dismissing Palisades' claim with prejudice. The judgment of the trial court will be reversed, and the matter remanded for further action consistent with this opinion.
 {¶ 8} In its sole assignment of error, Palisades contends that the trial court committed reversible error in failing to provide notice that it intended to dismiss Palisades' case with prejudice under Civ.R. 41(B).
 {¶ 9} Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to theplaintiff's counsel, dismiss an action or claim." (Emphasis added.)
 {¶ 10} In support of its argument, Palisades cites Logsdon v.Nichols (1995), 72 Ohio St.3d 124, 647 N.E.2d 1361. There, the Ohio Supreme Court, adopting the *Page 4 
opinion of the Tenth District, stated that "notice is a prerequisite to dismissal for failure to prosecute under Civ.R. 41(B)(1). Hence, `[i]t is error for the trial court to dismiss plaintiff's case without notice for failure to prosecute when plaintiff and his counsel fail to appear for trial on the assigned date * * * .' McCormac, Ohio Civil Rules Practice (2 Ed.1992) 356-357, Section 13.07. The purpose of notice is to `provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.' Id. at 357; Metcalf v. Ohio State Univ. Hosp. (1981),2 Ohio App.3d 166, 2 OBR 182, 441 N.E.2d 299." Id. at 128.
 {¶ 11} Furthermore, this court has found that the notice requirement of Civ.R. 41(B) contemplates notice for a decision the court intends to make rather than notice of a decision that has already been made.Covert Options, Inc. v. R.L. Young Assoc, Inc., Montgomery App. No. 20011, 2004-Ohio-67, at ¶ 14.
 {¶ 12} Here, the record discloses no notice to Palisades or its counsel that the action was subject to dismissal with prejudice. Accordingly, we find that the trial court abused its discretion in failing to provide notice before dismissing Palisades' Complaint with prejudice. The sole assignment of error is sustained.
 {¶ 13} Having sustained Palisades' only assignment of error, we reverse the judgment of the trial court and remand this matter for further action consistent with this opinion, Because we have set aside the court's initial dismissal with prejudice filed on March 6, 2006, Palisades' voluntary dismissal filed on April 5, 2006 stands. Thus, this matter is voluntarily dismissed without prejudice pursuant to Civ.R. 41(A)(1).
 {¶ 14} Judgment reversed and remanded. *Page 5 
FAIN and VALEN, JJ., concur.
(Hon. Anthony Valen, retired from the 12th Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio) *Page 1