YEAGER, Appellant,

v.

SCHULZE, PHILLIPS & CHASE et al., Appellees.

[Cite as *Yeager v. Schulze, Phillips & Chase*, 173 Ohio App.3d 466, 2007-Ohio-5626.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–07–22.

Decided Oct. 22, 2007.

Douglas S. Roberts, for appellants.

Dennis A. Schulze, Frank Howard, Faye D. Cox, and Molly C. Roe, for appellees.

WILLAMOWSKI, Judge.

{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Loc.R. 12(5), to issue a full opinion in lieu of a summary journal entry.

{¶ 2} The plaintiff-appellant, Ralph Yeager, appeals the judgment of the Union County Common Pleas Court dismissing his case with prejudice.

{¶ 3} In 2003, Yeager obtained the legal services of defendants-appellees, Schulze, Phillips & Chase; Dennis A. Schulze; Frank Howard; and Faye D. Cox. Represented by the appellees, Yeager filed a complaint against his neighbors in Union County Common Pleas Court case No. 2003–CV–0396, alleging trespass, negligence, and nuisance. Approximately eight months after filing the complaint, a "stipulation of dismissal" was filed in case No. 2003–CV–0396. The "stipulation of dismissal" dismissed Yeager's complaint with prejudice and was signed by Frank Howard, Yeager's counsel, the defendants, and the defendants' attorney.

{¶ 4} On July 7, 2005, Yeager filed a complaint against Schulze, Phillips & Chase, also known as Schulze, Howard & Cox; Dennis A. Schulze; Frank Howard; and Faye D. Cox. The complaint was filed in Union County Common Pleas Court case No. 2005–CV–0299 and alleged legal malpractice. Yeager's complaint was based on the "stipulation of dismissal" filed in 2003–CV–0396. In the complaint, Yeager alleged that the defendants "negligently, recklessly, and intentionally * * * dismissed the action [in case number 2003–CV–0396], with prejudice, without [his] consent and contrary to [his] explicit instructions."

{¶ 5} On September 27, 2005, the trial court filed a journal entry in *In re Cases to be Dismissed on October 25, 2007*, Union County Common Pleas Court case No. 05–MISC–0065. In its journal entry, the trial court indicated that the Clerk of Courts would dismiss Yeager's complaint in case No. 2005–CV–0299 on October 25, 2005 unless Yeager presented "a proper order" and received court approval prior to October 25, 2005.

{¶ 6} Yeager apparently mailed a "motion to reinstate case" to the trial court on October 20, 2005; however, the Union County Clerk returned the motion to Yeager, unopened, for postage due. Yeager received his motion from the clerk on October 27, 2005 and immediately hand delivered the motion and the affidavit of his attorney's paralegal to the court. The affidavit stated that the paralegal had used a postage meter to mail the motion to the court; that she had mailed the motion on October 20, 2005; that the returned motion was received on October 27, 2005; and that she contacted the court immediately. On November

23, 2005, Yeager dismissed his complaint without prejudice pursuant to Civ.R. 41(A). The trial court, on December 16, 2005, filed an order denying Yeager's motion to reinstate the case.

{¶ 7} On November 21, 2006, Yeager refiled his complaint in Union County Common Pleas Court case No. 2006–CV–0521. The complaint was identical to the one previously filed and dismissed in 2005–CV–0299. On December 7, 2006, appellees filed an answer and a motion to dismiss. In their motion to dismiss, the appellees argued that Yeager's claim for legal malpractice was barred by the one-year statute of limitations. Appellees also argued that the trial court had dismissed Yeager's prior complaint with prejudice, and therefore, he was barred from refiling. Specifically, appellees stated that the trial court had given notice of an impending dismissal on September 27, 2005, and since Yeager failed to respond, his complaint was dismissed as of October 25, 2005. Attached to appellees' motion were relevant copies of filings in the prior case.

{¶ 8} On December 18, 2006, Yeager filed a memorandum opposing dismissal, with attachments in support. However, on December 22, 2006, the trial court filed a judgment entry finding appellees' motion well taken and dismissing Yeager's complaint with prejudice. Yeager appeals the trial court's judgment of dismissal and asserts one assignment of error for our review.

## Assignment of Error

The trial court erred in its decision of December 22, 2006, in which it dismissed, with prejudice, the Complaint of Plaintiff.

{¶ 9} To support his assignment of error, Yeager contends that he filed his complaint in case No. 2005–CV–0299 within the applicable one-year statute of limitations. Yeager argues that he voluntarily dismissed the complaint in 2005–CV–0299, which allows him to refile his complaint within one year after the dismissal, regardless of the statute of limitations. Yeager asserts that although the trial court indicated it would dismiss his complaint in 2005–CV–0299, it failed to do so, as the September 27, 2005 journal entry was not a proper entry of dismissal. Accordingly, Yeager contends that he properly refiled his complaint in 2006–CV–0521, and the trial court erred by granting appellees' motion to dismiss.

{¶ 10} In response, the appellees argue that Yeager's complaint in 2005–CV–0299 was dismissed on October 25, 2005. Appellees contend that the trial court held a hearing on November 18, 2005, to address Yeager's motion to reinstate the case, and at that time, the trial court denied the motion. Therefore, appellees essentially argue that Yeager's voluntary dismissal was void, since the trial court had already dismissed the case with prejudice and then denied his motion to reinstate the case. Appellees also assert on appeal that Yeager's refiled complaint was barred by the one-year statute of limitations.

{¶ 11} Appellees are correct that Yeager's malpractice claim is limited to a one-year statute of limitations. R.C. 2305.11(A). Appellees are also correct that a dismissal pursuant to Civ.R. 41(B)(1) for failure to prosecute a claim is with prejudice because it constitutes a judgment on the merits. Civ.R. 41(B)(3). See also *Chalendar v. Dept. of Rehab. & Corr.*, 10th Dist. No. 02AP–567, 2003-Ohio-39, 2003 WL 68017, at ¶ 26, citing *Jones v. Hartranft* (1997), 78 Ohio St.3d 368, 678 N.E.2d 530.

{¶ 12} However, Yeager is correct that a dismissal pursuant to Civ.R. 41(A)(1)(a) is generally without prejudice. Civ.R. 41(A)(2). Yeager is also correct that Ohio's saving statute, R.C. 2305.19(A), would apply if his case had been voluntarily dismissed, and he would have one year after dismissal in which to refile his complaint. Yeager's cause of action against appellees apparently accrued on July 12, 2004, when appellees filed the "stipulation of dismissal" in case No. 2003–CV–0396. Yeager filed his complaint in 2005–CV–0299 on July 7, 2005, within the applicable statute of limitations. The complaint in 2005–CV–0299 was voluntarily dismissed by Yeager on November 23, 2005. Assuming that Yeager's dismissal was not void, his refiling of the complaint in 2006–CV–0521 was within the one-year time limit established in R.C. 2305.19(A). See Civ.R. 41(A)(2); R.C. 2305.19(A); *Thompson v. Ohio State Univ. Hosps.*, 10th Dist. No. 06AP–1117, 2007-Ohio-4668, 2007 WL 2668745. Accordingly, we must determine whether the complaint in 2005–CV–0299 was dismissed by the court effective October 25, 2005, or whether it was dismissed by Yeager on November 23, 2005.

{¶ 13} We begin by analyzing the trial court's alleged dismissal on October 25, 2005. Trial courts are granted broad discretion in dismissing cases for a failure to prosecute, and their judgments will not be reversed on appeal absent an abuse of discretion. *Dray v. Gen. Motors Corp.*, 3d Dist. No. 1–05–35, 2006-Ohio-347, 2006 WL 213846, at ¶ 23, citing *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 437 N.E.2d 1199. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, citing *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 14} The trial court's journal entry providing notice of possible dismissal was filed on September 27, 2005. As noted above, the notice was not filed in case No. 2005–CV–0299, but in a separate, miscellaneous case created specifically to dismiss cases from the trial court's docket. The entry provided as follows:

The following cases are ORDERED to be dismissed by the Clerk of this Court with costs from deposit on October 25, 2005, the cases having been heard and no entry filed (Local Rule 14) or settled (Local Rule 14.03) or the attorneys notified of failure of service for more than 30 days with no further action (Local

Rule 8.01), or the cases are ready for default with no Entries presented the Court and nothing is being done:

1.  05–CV–0299 Yeager v. Schulze, et al.

The above may be saved from dismissal only by presentation of a proper Order and approval by this Court *prior to the date of October 25, 2005.* So ORDERED.

(Emphasis sic.) Civ.R. 41(B)(1) governs involuntary dismissals for failure to prosecute. Civ.R. 41(B)(1) requires, as an absolute condition precedent to dismissal, that the court give notice of its intention to dismiss the case. *Dray,* at ¶ 21; *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 2–3, 7 OBR 256, 454 N.E.2d 951.

{¶ 15} In this case, Yeager clearly had notice that the trial court intended to dismiss his complaint in case No. 2005–CV–0299. However, the appellate record does not indicate where the trial court actually filed a judgment entry dismissing Yeager's complaint as of October 25, 2005, or thereafter. We agree with the Second District Court of Appeals that "Civ.R. 41(B)(1) contemplates notice not of a decision that [has] been made but notice of some cause for a decision the court may prospectively make." *Covert Options, Inc. v. R.L. Young Assoc., Inc.,* 2d Dist. No. 20011, 2004-Ohio-67, 2004 WL 41114. See also *Palisades Collection, L.L.C. v. Person,* 2d Dist. No. 21545, 2007-Ohio-2362, 2007 WL 1430202. Thus, it appears that the trial court intended to, but never did, dismiss case No. 2005–CV–0299.[1]

{¶ 16} Even if the trial court did hold an evidentiary hearing on November 18, 2005, and even if the trial court did announce its intention to overrule Yeager's motion to reinstate the case and proceed with dismissal, neither party produced a judgment entry reflecting the same. It is well-settled law in Ohio that a court speaks only through its journal. See *State ex rel. Geauga Cty. Bd. of Commrs. v. Milligan,* 100 Ohio St.3d 366, 2003-Ohio-6608, 800 N.E.2d 361, at ¶ 20.

{¶ 17} Although case No. 2005-Ohio-0299 is not before us on appeal, the trial court never dismissed the case, and therefore, Yeager's voluntary dismissal, filed on November 23, 2005, was effective. A plaintiff has an absolute right to file one dismissal under Civ.R. 41(A)(1)(a), and when the plaintiff does so, the case is dismissed without prejudice, unless otherwise indicated, and the trial court is divested of jurisdiction. See *Olynyk v. Scoles,* 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254. As discussed above, Yeager filed his complaint in case No. 2005–CV–0299 within the applicable statute of limitations. Once he dismissed the

---

1.  We again note that the September 27, 2005 journal entry was filed in a separate case and directed the Clerk of Courts to dismiss 2005–CV–0299 unless certain conditions were satisfied. Both of these factors weigh against a proper entry of dismissal.

case pursuant to Civ.R. 41(A)(1)(a), the saving statute allowed him an additional year from the date of dismissal in which to refile his complaint, which he did, in case No. 2006–CV–0521. Accordingly, the trial court erred when it granted appellees' motion to dismiss and dismissed Yeager's case with prejudice.

{¶ 18} The sole assignment of error is sustained.

{¶ 19} The judgment of the Union County Common Pleas Court is reversed, and this matter is remanded for further proceedings.

Judgment reversed<br/>and cause remanded.

ROGERS, P.J., and SHAW, J., concur.