{¶ 17} I respectfully dissent from the majority opinion as it reads Gov. Bar R. I (9) (H) too narrowly and as a result, unduly prejudices a plaintiffs absolute right to file for dismissal under Civ. R. 41(1)(a).Olynyk v. Scoles, 114 Ohio St.3d 56, 868 N.E.2d 254, 2007-Ohio-2878, ¶ 26, (a Civ. R. 41(A)(1)(a) dismissal is totally within a plaintiffs control).
 {¶ 18} There is no dispute that the Lake County Court of Common Pleas properly granted pro hac vice admission to the plaintiffs out-of-state counsel. The majority opinion fails to recognize that when the Stark County Court of Common Pleas assumed jurisdiction of the matter on October 30, 2007, due to the change of venue entry of the Lake County Court of Common Pleas, all interlocutory orders of the Lake County Court of Common Pleas remained in effect, including the pro hac vice
admission. Therefore, when the notice of voluntary dismissal was filed by the plaintiff on November 2, 2007, the Stark County Court of Common Pleas was divested of jurisdiction to take any action over the matter, including its apparent attempt to revoke the pro hac vice status of plaintiffs counsel by declaring the voluntary dismissal a nullity on November 8, 2007. See, Yeager v. Schultz, Phillips Chase,173 Ohio App.3d 466, 878 N.E.2d 1100, 2007-Ohio-5626, ¶ 17 (reiterating plaintiff has an absolute right to file one dismissal under Civ. R. 41(A)(1)(a), and when the plaintiff does so, the case is dismissed without prejudice, unless otherwise indicated, and the trial court is divested of jurisdiction).
 {¶ 19} In addition, the Stark County Court of Common Pleas has no local rule regarding the admission of attorneys pro hac vice, so one is left wondering how practicing attorneys are made of aware of any additional requirements, if any, placed *Page 8 
upon them by the Stark County Court of Common Pleas that would warrant such an infringement upon a plaintiffs absolute right to dismiss an action under Civ. R. 41(A)(1)(a).
 {¶ 20} Accordingly, I would sustain appellant's assignments of error. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1