[Cite as *Dunlap v. NeXus RV, L.L.C.*, 2025-Ohio-1969.]

**IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY**

RICHARD DUNLAP, ET AL.

    PLAINTIFFS-APPELLANTS,

  V.

NEXUS RV, LLC, ET AL.,

    DEFENDANTS-APPELLEES

CASE NO. 1-24-65

OPINION AND
JUDGMENT ENTRY

Appeal from Allen County Common Pleas Court
Trial Court No. CV 2022 0108

Appeal Dismissed

Date of Decision:  June 2, 2025

**APPEARANCES:**

    *Joseph W. Westmeyer, III* for Appellant

    *Adam C. Smith* for Appellee

**WILLAMOWSKI, J.**

{¶1} Plaintiffs-appellants Richard Dunlap and Alice Dunlap ("the Dunlaps") appeal the judgment of the Allen County Court of Common Pleas, arguing that the trial court erred in granting summary judgment in favor of defendant-appellee NeXus RV, LLC ("NeXus"). For the reasons set forth below, the appeal from the judgment of the trial court is dismissed.

*Facts and Procedural History*

{¶2} On November 30, 2018, the Dunlaps finalized the purchase of a recreational vehicle from Racing RV's, LLC ("Racing RV's") that was manufactured by NeXus. The Dunlaps subsequently sought multiple repairs to their vehicle from Racing RV's and NeXus. On March 24, 2022, the Dunlaps filed a complaint that named NeXus and Racing RV's as defendants. The Dunlaps raised a number of claims against the defendants that were related to their recreational vehicle.

{¶3} On November 30, 2023, NeXus filed a motion for summary judgment. After granting the motion for summary judgment as to all the claims that were asserted against NeXus, the trial court issued an order on July 29, 2024, stating "that its granting of summary judgment in favor of Defendant NeXus RV, LLC is a Final and Appealable Order, and there is no just cause for delay. Civ.R. 54(B)." (Doc. 51). The trial court also awarded a judgment to the Dunlaps against Racing RV's

and ordered a damages hearing be scheduled. In a judgment entry issued on October 1, 2024, the trial court stated that the Dunlaps were entitled to $229,479.41 from Racing RV's.

**{¶4}** The Dunlaps filed their notice of appeal on October 30, 2024. On appeal, they raise the following four assignments of error:

### First Assignment of Error

**The Trial Court erred in granting the Defendant/Appellee's Motion for Summary Judgment when it dismissed Plaintiff/Appellant's negligence claim.**

### Second Assignment of Error

**The Trial Court erred in granting the Defendant/Appellee's Motion for Summary Judgment when it dismissed Plaintiff/Appellant's Implied Warranties Claim and dismissed the failure to comply with Magnusson-Moss Warranty Act.**

### Third Assignment of Error

**The Trial Court erred in dismissing Plaintiff/Appellant's Express Warranties Claim.**

### Fourth Assignment of Error

**The Trial Court erred in granting Defendant/Appellee's Motion for Summary Judgment when it dismissed any implied agent relationship.**

**{¶5}** After the notice of appeal was filed, NeXus submitted a motion to dismiss this appeal on December 9, 2024. This motion to dismiss points out that the Dunlaps raise arguments on appeal that address the claims that were asserted against NeXus in the trial court. NeXus argues that the Dunlaps did not timely file

Case No. 1-24-65

an appeal from the order that disposed of the claims in this action that related to NeXus and that this appeal should, therefore, be dismissed. We will address NeXus's motion to dismiss and the Dunlaps' assignments of error in one analysis.

*Legal Standard*

{¶6} Appellate courts in Ohio have jurisdiction to review the final, appealable orders issued by a trial court from within their district. *Johnson v. Stone*, 2019-Ohio-4630, ¶ 11 (3d Dist.). For a lower court's order to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, where applicable, Civ.R. 54(B). *Lycan v. Cleveland*, 2016-Ohio-422, ¶ 21.

{¶7} R.C. 2505.02(B)(1) states that "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment" qualifies as "a final order that may be reviewed, affirmed, modified, or reversed . . . ."

> A substantial right is a legal right that is entitled to enforcement and protection by law . . . . For an order to determine the action and prevent a judgment for the appealing party, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.

(Citations omitted.) *Simek v. Orthopedic & Neurological Consultants, Inc*., 2019-Ohio-3901, ¶ 44 (10th Dist.). Civ.R. 54(B) reads, in its relevant part, as follows:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

Thus, the Civ.R. 54(B) "language of a finding that there is 'no just reason for delay' can be used to make a grant of summary judgment a final appealable order even when there are other outstanding claims against other parties left in the case." *Striff v. Luke Md. Practitioners, Inc.*, 2010-Ohio-6261, ¶ 19 (3d Dist.).

{¶8} Further, "[j]urisdiction in the court of appeals is based upon a timely filing of a notice of appeal." *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 2015-Ohio-241, ¶ 7. To be timely under App.R. 4(A), a notice of appeal must generally be filed "within 30 days of a final order." *Id.* at ¶ 6. Further,

> If an appeal is permitted from a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties, other than a judgment or order entered under Civ.R. 54(B), a party may file a notice of appeal within thirty days of entry of the judgment or order appealed or the judgment or order that disposes of the remaining claims. Division (A) of this rule applies to a judgment or order entered under Civ.R. 54(B).

App.R. 4(B)(5). *See Dray v. General Motors Corp.*, 2006-Ohio-347, ¶ 17 (3d Dist.). If no timely notice of appeal is filed from a judgment entry, an appellate court lacks jurisdiction to consider that matter. *Wells Fargo Bank, N.A. v. Fields*, 2015-Ohio-4580, ¶ 20 (8th Dist.); *Wilson v. Francis*, 2002-Ohio-2416, ¶ 2 (12th Dist.).

*Legal Analysis*

{¶9} In this case, the trial court granted summary judgment as to all of the claims against NeXus. In the order issued on July 29, 2024, the trial court included the applicable Civ.R. 54(B) language, rendering its grant of summary judgment a final, appealable order. However, no timely notice of appeal was filed within thirty

days of this order as was required under App.R. 4(B)(5). In the absence of a timely appeal from this order, this Court lacks jurisdiction to address the claims raised against NeXus since the trial court's grant of summary judgment resolved all of the claims in this action that were related to this party. *Dray*, 2006-Ohio-347, ¶ 17.

{¶10} After the trial court's grant of summary judgment disposed of the claims against NeXus, the claims that remained were those raised against Racing RV's. On October 1, 2024, the trial court issued a final judgment that resolved those remaining claims. The Dunlaps filed a notice of appeal on October 30, 2024. As a result, this Court has jurisdiction to address the issues related to the October 1, 2024 judgment entry. However, in this appeal, the Dunlaps do not raise any assignments of error related to the claims against Racing RV's that were resolved by the October 1, 2024 judgment entry.

{¶11} Rather, all four of the Dunlaps' assignments of error address claims that had been asserted against NeXus. As noted previously, this Court does not have jurisdiction to consider the claims that were asserted by the Dunlaps against NeXus since no timely appeal was raised from the final order that disposed of these claims. Thus, we conclude that the Dunlaps' four assignments of error are not properly before us. For these reasons, NeXus's motion to dismiss this appeal is granted.

*Conclusion*

**{¶12}** Having found that the particulars assigned and argued are not properly before this Court, the appeal from the judgment of the Auglaize County Court of Common Pleas is hereby dismissed.

***Appeal Dismissed***

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

# **<u>JUDGMENT ENTRY</u>**

For the reasons stated in the opinion of this Court, the instant appeal is dismissed with costs assessed to Appellants for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

 

 

John R. Willamowski, Judge

 

Juergen A. Waldick, Judge

 

William R. Zimmerman, Judge

DATED:
/hls