[Cite as *State ex rel. Geauga Cty. Commrs. v. Milligan*, 100 Ohio St.3d 366, 2003-Ohio-6608.]

THE STATE EX REL. GEAUGA COUNTY BOARD OF COMMISSIONERS ET AL. *v.*
MILLIGAN, JUDGE.

[Cite as *State ex rel. Geauga Cty. Bd. of Commrs. v. Milligan*, 100 Ohio St.3d
366, 2003-Ohio-6608.]

*Mandamus sought to compel common pleas court judge to stay his November
14, 2002 judgment granting a writ of mandamus compelling Geauga
County Board of Commissioners et al. to appropriate money requested
by the Geauga County Sheriff for fiscal years 2002 and 2003 pending
appeal — Writ granted, when.*

(No. 2003-1350 — Submitted October 20, 2003 — Decided December 31, 2003.)

IN MANDAMUS and PROHIBITION.

_____

**Per Curiam.**

{¶1} In October 2001, relators, Geauga County Board of
Commissioners and the individual commissioners, filed a complaint in the
Geauga County Court of Common Pleas requesting a declaratory judgment that
Geauga County Sheriff George "Red" Simmons had a duty to operate his office
within the budget appropriations determined by the board. The sheriff
counterclaimed for declaratory relief and a writ of mandamus to compel the board
and the commissioners to appropriate the money he had requested for his office
for fiscal years 2002 and 2003.

{¶2} On November 14, 2002, respondent, Judge John R. Milligan, a
retired judge sitting by assignment, granted the sheriff a writ of mandamus to
compel the board to appropriate most of the money requested by the sheriff for
2002 and 2003. Relators moved to stay execution of the judgment pending their
appeal pursuant to Civ.R. 62.

**{¶3}** On November 27, 2002, respondent issued a stay of his November 14, 2002 judgment until December 27, 2002, "at which time a hearing will be held upon the issue of further extension of the stay." Respondent based his decision on the dissent in *State ex rel. State Fire Marshal v. Curl* (2000), 87 Ohio St.3d 568, 722 N.E.2d 73 (Douglas, J., dissenting). Among the questions raised by respondent in his November 27, 2002 temporary stay order was "What measures have the commissioners taken to assure that if the judgment of this court is affirmed in due course, the funds ordered will be otherwise unencumbered and available to meet the mandate?"

**{¶4}** At a December 27, 2002 hearing on whether the previously issued stay should be continued, relators specified that if they were ultimately required to obey the writ, they would have funds available to do so. Relators, however, cautioned that they did not know how much money would ultimately be available. Respondent determined that although he would not require the relators to post any supersedeas bond pending appeal, he was satisfied that they "have done * * * what needs to be done in lieu of any kind of bond." There was no indication at the hearing that respondent required that relators fund the sheriff's office for fiscal year 2003 at least at the same level as they had for fiscal year 2002 pending the resolution of relators' appeal.

**{¶5}** After the hearing, respondent granted relators' motion for stay pending appeal. Respondent granted the stay pending appeal "in its totality," without any specified conditions.

**{¶6}** While the appeal was pending, relators deliberated on the budget for fiscal year 2003. In March 2003, the board adopted an appropriation for fiscal year 2003 containing cuts to discretionary line items because of the county's fiscal problems. Following an April 2003 appropriation in which the board gave more money to the sheriff for additional retirement obligations, the sheriff's budget for fiscal 2003 was only approximately 1.43 percent lower than the

2

sheriff's budget for fiscal year 2002. The board's reduction of the sheriff's office appropriation was proportionately less than the appropriation decreases for other county departments funded by the general fund.

{¶7} On May 30, 2003, respondent granted the sheriff's motion to lift the stay because the sheriff was being funded at a lower level than at the time of the December 27, 2002 stay hearing:

{¶8} "The court finds that the expectation that the Sheriff would be funded at the same rate in 2003 as he was funded in 2002 has not been met, and that [relators] have funded the Sheriff at a significantly lower level than the status quo at the time of the prior hearing upon the issue of stay."

{¶9} Relators had never understood respondent's stay order as requiring them to fund the sheriff's office in fiscal year 2003 at the same level as fiscal year 2002.

{¶10} Relators moved the court of appeals to stay respondent's November 14, 2002 judgment granting the writ of mandamus, but on July 2, 2003, the court of appeals denied the motion. The court of appeals ordered relators to "immediately comply with the funding orders contained in the trial court's judgment of November 14, 2002."

{¶11} On July 10, 2003, the sheriff filed a motion in the common pleas court for an order requiring relators to show cause why they should not be held in contempt of court for failure to comply with the November 14, 2002 writ of mandamus. Respondent set a hearing on the show-cause motion for August 14, 2003. In an effort to comply with the order, relators adjusted the discretionary line items in the sheriff's budget to fiscal year 2002 levels.

{¶12} On August 1, 2003, relators filed this action for a writ of prohibition to prevent respondent from conducting the August 14, 2003 contempt hearing or taking any other action to enforce the November 14, 2002 judgment

3

pending appeal. Relators further requested a writ of mandamus to compel respondent to stay the November 14, 2002 judgment pending appeal.

{¶13} On August 7, 2003, we granted expedited alternative writs and issued a schedule for evidence and briefs. 99 Ohio St.3d 1521, 2003-Ohio-4161, 792 N.E.2d 1136. We subsequently denied the sheriff's motion to intervene. 99 Ohio St.3d 1527, 2003-Ohio-4332, 794 N.E.2d 66. The sheriff had failed to comply with Civ.R. 24(C). See, generally, *State ex rel. Wilkinson v. Reed*, 99 Ohio St.3d 106, 2003-Ohio-2506, 789 N.E.2d 203, fn. 1, and cases cited therein. Although the board and commissioners filed a timely brief, respondent did not file a brief.

{¶14} The board and commissioners assert that they are entitled to the requested writs of mandamus and prohibition. "If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12. A trial court "lacks jurisdiction to execute a judgment or [conduct] contempt proceedings regarding the judgment if there is a stay of the judgment pending appeal." *State Fire Marshal*, 87 Ohio St.3d at 570, 722 N.E.2d 73.

{¶15} Under Civ.R. 62(B) and (C),[1] the board and commissioners are entitled to a stay of respondent's November 14, 2002 judgment pending their

---

[1] {¶a} Civ.R. 62(B) and (C) provide:

{¶b} "(B) Stay upon appeal. When an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court.

{¶c} "(C) Stay in favor of government. When an appeal is taken by this state or political subdivision, or administrative agency of either, or by any officer thereof acting in his representative capacity and the operation or enforcement of the judgment is stayed, no bond, obligation or other security shall be required from the appellant."

4

appeal from that judgment. This is consistent with precedent. In *State ex rel. Ocasek v. Riley* (1978), 54 Ohio St.2d 488, 490, 8 O.O.3d 466, 377 N.E.2d 792, we granted a writ of prohibition to prevent a trial court from conducting an evidentiary hearing and ancillary proceedings to determine the propriety of a government motion for a stay pending appeal in a civil case:

{¶16} "Pursuant to [Civ.R. 62], defendants-appellants are entitled to a stay of the judgment as a matter of right. The lone requirement of Civ.R. 62(B) is the giving of an adequate supersedeas bond. Civ.R. 62(C) makes this requirement unnecessary in this case, and respondent has no discretion to deny the stay. Therefore, the evidentiary hearing on the stay and the related depositions are inappropriate proceedings."

{¶17} Similarly, in *State Fire Marshal*, 87 Ohio St.3d 568, 722 N.E.2d 73, we granted a writ of mandamus to compel the judge to grant the State Fire Marshal's motion for stay pending appeal of a civil judgment and a writ of prohibition to prevent a trial court from holding a contempt hearing. The State Fire Marshal was entitled to a stay as a matter of right without posting a supersedeas bond, and this holding was "supported by precedent, the views of state and federal experts in the field, as well as federal courts construing similarly worded rules of civil procedure." Id., 87 Ohio St.3d at 572, 722 N.E.2d 73.

{¶18} In *Ocasek*, we rejected a trial court's similar attempt to exercise authority to consider the propriety of a stay of a civil judgment pending appeal by governmental agencies or officers.

{¶19} Therefore, based on *State Fire Marshal*, *Ocasek*, and the authorities cited therein, respondent patently and unambiguously lacked jurisdiction to lift the stay, to which the board and commissioners are entitled as a matter of right. A contrary holding would require overruling precedent that has not been successfully challenged for more than 25 years.

5

**{¶20}** Moreover, even assuming that respondent was authorized to place conditions on the stay pending appeal, his December 27, 2002 stay was granted "in its totality" without any conditions. A court of record speaks only through its journal entries. *State ex rel. Marshall v. Glavas*, 98 Ohio St.3d 297, 2003-Ohio-857, 784 N.E.2d 97, ¶ 5. Therefore, respondent could not rely on the purported violation of conditions not specified in the journal entry to lift the December 27, 2002 stay.

**{¶21}** Furthermore, by claiming to implicitly condition the stay on relators' continued funding of the sheriff's office at least at fiscal year 2002 levels, respondent in effect required that the board and commissioners post a supersedeas bond to partially secure the judgment pending appeal. See, e.g., *Mahoney v. Berea* (1986), 33 Ohio App.3d 94, 96, 514 N.E.2d 889 ("The purpose of an appeal bond is to secure the appellee's right to collect on the judgment during the pendency of the appeal"). This is expressly forbidden by Civ.R. 62(C), which precludes a trial court from requiring a government entity or officer to post bond or provide an obligation or other security pending appeal.

**{¶22}** Finally, respondent filed no merit brief in relators' action for extraordinary relief.

**{¶23}** Based on the foregoing, we grant a writ of mandamus to compel respondent to stay the November 14, 2002 judgment pending appeal. By so holding, we need not address the commissioners' alternate claim for a writ of prohibition.

Writ granted.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Pfeifer, J., dissents and would deny the writ.

_____

Duvin, Cahn & Hutton, Robert M. Wolff, Michael T. Pearson and David W. Neel, for relators.

————————————