JOURNAL ENTRY and OPINION
{¶ 1} Appellant/cross-appellee, Charles Kampinski Co., L.P.A. (the "law firm"), appeals the jury verdict in the amount of $620,882 rendered in favor of appellee/cross-appellant, Christopher Mellino ("Mellino"). In his cross-appeal, Mellino appeals the directed verdict granted in favor of the law firm, the motion in limine granted in favor of the law firm regarding the law firm's former receptionist, and the denial of his motion for prejudgment interest.
 {¶ 2} Mellino filed suit alleging, inter alia, that Charles Kampinski ("Kampinski") individually and the law firm breached the partnership agreement or the employment agreement with Mellino when they failed to pay out a percentage of the fees brought into the law firm for cases upon which Mellino worked when he was a partner or an employee of the law firm.[1] In response, Kampinski and the law firm filed their counterclaim against Mellino alleging, inter alia, that Mellino breached his fiduciary duty and duty of loyalty when he took clients from the law firm when he started his own practice.
 {¶ 3} The case proceeded to trial. After Mellino's case-in-chief, it appears, according to the transcript, that Mellino orally dismissed certain counts of his complaint, such as his claims for unjust enrichment, quantum meruit, conversion, and injunctive relief. Kampinski and the law firm orally agreed that Mellino intended to dismiss those certain claims. In addition, the trial court granted the motion for directed verdict filed by Kampinski and the law firm, dismissing Mellino's partnership. It appears from the transcript that Mellino's only surviving claim was for breach of an alleged employment agreement. It also appears from the transcript that Kampinski was dismissed from the suit as the breach of employment agreement was strictly against the law firm. A court of record speaks only through its journal entries. State exrel. Geauga County Board of Commrs. v. Milligan, 100 Ohio St.3d 366,2003-Ohio-6608, ¶ 20, 800 N.E.2d 361, quoting, State ex rel. Marshallv. Glavas, 98 Ohio St.3d 297, 2003-Ohio-857, ¶ 5, 784 N.E.2d 97. Here, there is neither a journal entry from the trial court memorializing the dismissal of certain claims in Mellino's complaint nor any filed stipulation from the parties as required pursuant to Civ.R. 41(A)(1)(b) found in the record before this court. Because Civ.R. 41(A)(1)(a) allows a plaintiff to voluntarily dismiss an action (or claim) prior to thecommencement of trial only by written notice and filing, Mellino's oral dismissal of certain claims after his case-in-chief was presented did not suffice. As a result, the jury's verdict as to only one part of Mellino's complaint (the breach of employment agreement) and on the entire counterclaim does not dispose of all claims. There is no final appealable order; thus, this appeal and cross-appeal are dismissed because this court lacks jurisdiction.
Appeal and cross-appeal dismissed.
This appeal and cross-appeal are dismissed.
Costs assessed against Charles Kampinski Co., L.P.A., defendant-appellant/cross-appellee.
It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, JR., P.J., and McMonagle, J., concur.
[1] In his second amended complaint, Mellino added as a party plaintiff his newly formed law firm, Mellino Law Firm LLC. However, the Mellino Law Firm LLC was voluntarily dismissed without prejudice prior to trial, leaving only Mellino as plaintiff.