OPINION
{¶ 1} Defendant-Appellant, Manuel Alfaro, Jr., appeals the judgments of the Putnam County Court of Common Pleas, sentencing him upon his convictions for one count of theft and one count of grand theft. On appeal, Alfaro asserts that the trial court erred in sentencing him to more than the statutory minimum and that the trial court failed to order specific restitution in case number 12-05-12. Finding that the trial court did not err in imposing more than the minimum sentence and that the trial court did make a specific restitution finding in the judgment entry in case number 12-05-12, we affirm the judgments of the trial court.
 {¶ 2} In February of 2005, in case number 12-05-12,[1]
Alfaro was indicted for one count of theft in violation of R.C.2913.02(A)(1), a felony of the fifth degree, and one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree. These charges were based upon Alfaro breaking into a salvage yard owned by James Huffman and removing several vehicles, car parts and copper.
 {¶ 3} In April of 2005, in case number 12-05-13,[2]
Alfaro was indicted for one count of grand theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree, and one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree. These charges were based upon Alfaro breaking into a building owned by John Thomas and removing various tools, vehicle parts and tractor parts.
 {¶ 4} Subsequently, Alfaro entered into a negotiated plea. In case number 12-05-12, Alfaro pled guilty to one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree, and the one count of breaking and entering was dismissed. In case number 12-05-13, Alfaro pled guilty to one count of grand theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree, and the one count of breaking and entering was dismissed.
 {¶ 5} In May of 2005, the trial court held a hearing on both Alfaro's sentence and restitution. At the hearing, Alfaro did not dispute the amount of restitution requested by the State in case number 12-05-13; however, he did dispute the amount of restitution requested by the State in case number 12-05-12. Following Alfaro's dispute of the restitution amount, the trial court held a hearing on all amounts of restitution. During the hearing on the amounts of restitution, victims James Huffman and John Thomas were called to the stand. As noted above, the charge in case number 12-05-12 involved victim Huffman. Huffman testified that he was entitled to eighty thousand three hundred and seven dollars as a result of the theft. Huffman had put together a list of all of the items involved in the theft and amounts that each was worth. He testified that he had obtained these figures by conducting research on line and by calling dealerships to determine the values of the property that was stolen. Thomas testified that he was entitled to ten thousand eight hundred and sixty-five dollars as a result of the charge in case number 12-05-13. Finally, Alfaro testified. According to Alfaro, he received between eleven hundred and fifteen hundred dollars for the items linked to case number 12-05-13 and approximately nine hundred dollars for the items linked to case number 12-05-12.
 {¶ 6} Following the hearing, the trial court proceeded to sentence Alfaro to a term of eleven months in prison in case number 12-05-12 and a term of seventeen months in prison in case number 12-05-13. Both prison terms were more than the minimum sentences that the trial court could have imposed. At the sentencing hearing, the trial court made the following findings on the record:
Given the fact that the recidivism of the defendant is likelywith the recitation of the criminal conduct convictions made bythe Court, and that the offender has not responded favorably topast sanctions, also including the defendant's ownacknowledgement of the illegal drug use while on bond on thewithin cases, the Court is making a finding that prison isconsistent with the purposes of the Revised Code and that theoffender is not amenable to an available community controlsanction. The Court is making a finding that * * * the shortestsentence demeans the seriousness of the offense and does notadequately protect the public.
(Trial Tr. p. 41.) Finally, the trial court ordered that these sentences be served concurrently.
 {¶ 7} Additionally, at the hearing, the trial court imposed restitution, in case number 12-05-13, in the amounts of ten thousand six hundred and fifteen dollars to be paid to Thomas and four hundred ninety-three dollars and sixty cents to be paid to NG Auto Recycling. In case number 12-05-12, the trial court found, on the record, that the amount of restitution was in excess of five hundred dollars, but that the exact amount would be determined at a later time. In the trial court's sentencing journal entry in case number 12-05-12, the trial court imposed restitution in the amount of five hundred dollars.
 {¶ 8} It is from these judgments Alfaro appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT COMMITTED AN ERROR OF LAW BY IMPOSING MORETHAN A MINIMUM PRISON SENTENCE.
 Assignment of Error No. II THE TRIAL COURT COMMITTED AN ERROR OF LAW BY FAILING TO ORDERA SPECIFIC RESTITUTION AMOUNT IN CASE NO. 12-05-12.
 Assignment of Error No. I {¶ 9} In Alfaro's first assignment of error, he contends that the trial court erred, in both cases, by sentencing him to more than the minimum terms of prison. Specifically, Alfaro asserts that the trial courts findings are not supported by the record.
 {¶ 10} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04,2929.11, 2929.12, 2929.13, and 2929.14, determine a particular sentence. State v. Martin, 136 Ohio App.3d 355, 362, 1999-Ohio-814. Compliance with those sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings. R.C.2929.19(B)(2); State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at paras. one and two of the syllabus. An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); see, also,Martin, 136 Ohio App.3d at 361.
 {¶ 11} R.C. 2929.14(B) provides that when a trial court imposes a prison term for a felony conviction:
[T]he court shall impose the shortest prison term authorizedfor the offense pursuant to division (A) of this section, unlessone or more of the following applies:
 (1) The offender was serving a prison term at the time of theoffense, or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prisonterm will demean the seriousness of the offender's conduct orwill not adequately protect the public from future crime by theoffender or others.
 {¶ 12} In determining whether the shortest prison term will demean the seriousness of the offender's conduct or will adequately protect the public from future crime, the trial court must consider the non-exclusive list of seriousness and recidivism factors in R.C. 2929.12. R.C. 2929.12(A). The trial court has significant discretion in determining what weight, if any, it assigns to these statutory factors and any other relevant evidence. Id.; State v. Delong, 3d Dist. No. 6-04-08,2004-Ohio-6046, at ¶ 11, citing State v. Pitt, 3d Dist. Nos. 16-02-01, 16-02-02, 2002-Ohio-2730, at ¶ 12. While the trial court is required to consider these factors, the trial court is not required to set forth its reasons on the record.
 {¶ 13} In the case sub judice, the trial court made the finding that the minimum sentence would demean the seriousness of the offense and would not adequately protect the public. Furthermore, the trial court also stated that it had considered the recidivism factors. Alfaro asserts that the trial court's reasons for finding that he was more likely to recidivate are not supported by the record.
 {¶ 14} Upon review of the record, we cannot find that the trial court abused its discretion. The trial court clearly made the required findings that the minimum sentence would demean the serious of the offense and would not adequately protect the public. In addition, it is clear from the record, that the trial court considered the recidivism factors. As noted above, the trial court is given broad discretion as to how to weigh those factors. Because the trial court made the requisite findings, we will not find that it abused its discretion. Finally, upon review of the record, including the presentence investigation report, we are satisfied that the record supports the trial court's sentencing Alfaro to more than the minimum.
 {¶ 15} Accordingly, the first assignment of error is overruled.
 Assignment of Error No. II {¶ 16} In the second assignment of error, Alfaro asserts that the trial court erred, in case number 12-05-12, by not determining an exact amount of restitution at the sentencing hearing and that the trial court's restitution should be limited to four thousand nine hundred and ninety-nine dollars.
 {¶ 17} As noted above, at the sentencing hearing, Alfaro disputed the amount of restitution in case number 12-05-12. As a result, the trial court held a hearing on the amount of restitution being requested. Following that hearing, the trial court determined that the amount of restitution in case number 12-05-12 was in excess of five hundred dollars, but that the exact amount would be determined later. Finally, in its judgment entry in case number 12-05-12, the trial court imposed restitution in the amount of five hundred dollars. It is well-established that a trial court speaks only through its journal entries. See State ex rel. Geauga Cty. Bd. of Commrs. v.Mulligan, 100 Ohio St.3d 366, 2003-Ohio-6608, ¶ 20. Thus, while Alfaro asserts that a specific amount of restitution was never ordered, we find that the trial court's judgment entry clearly imposes restitution in the amount of five hundred dollars. Furthermore, that amount is supported by the record.
 {¶ 18} Accordingly, the second assignment of error is overruled.
 {¶ 19} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
 Bryant, P.J., and Shaw, J., concur.
[1] We note that case number 12-05-12 corresponds to Putnam County Court of Common Pleas case number 2005-CR-08.
[2] We note that case number 12-05-13 corresponds to Putnam County Court of Common Pleas case number 2005-CR-20.