OPINION *Page 2 
{¶ 1} The defendant-appellant, Jason Keith William Barker, appeals the judgment of the Union County Common Pleas Court sentencing him to an aggregate prison term of nine years and one month.
 {¶ 2} On May 12, 2006, Barker entered the Kroger pharmacy in Marysville, Ohio. He entered the employee section of the pharmacy through the half-door and encountered the pharmacist. He told the pharmacist that he was "DTing" (detoxing) and ordered her to open the safe and give him all the Oxycontin and Dilaudid. The pharmacist complied and gave him at least 170 Hydromorphones and 300 Oxycodone in a plastic bag. Barker then left the store.
 {¶ 3} On July 18, 2005, the grand jury indicted Barker on the following charges: Count I, theft of drugs, a violation of R.C.2913.02(A)(1), (B)(6), a fourth-degree felony; Count II, safecracking, a violation of R.C. 2911.31(A), a fourth-degree felony; County III, possessing criminal tools, a violation of R.C. 2923.24(A), (C), a fifth-degree felony; Counts IV and V, aggravated possession of drugs, violations of R.C. 2925.11(A), (C)(1)(c), second-degree felonies; Count VI, aggravated possession of drugs, a violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony; and Count VII, robbery, a violation of R.C. 2911.02(A)(3), a third-degree felony. Barker pled not guilty to the charges at arraignment. *Page 3 
 {¶ 4} On August 7, 2006, the parties filed a sentencing recommendation. Barker agreed to plead guilty to Counts I, II, IV, V, and VII, and the State of Ohio agreed to dismiss Counts III and VI. Also as part of the bargain, the state agreed to recommend an aggregate sentence of eleven years in prison. However, on August 14, 2006, the parties filed an amended sentencing recommendation, which deviated from the prior version only as to sentencing. In the amended form, the state agreed to recommend an aggregate prison term of five years. The amended sentencing recommendation was signed by the assistant prosecutor, Barker's attorney, and Barker.
 {¶ 5} On August 15, 2006, the trial court held a change of plea hearing. As agreed, Barker pled guilty to Counts I, II, IV, V, and VII, and the state dismissed the remaining two charges. Barker signed the "entry withdrawing plea of not guilty, entering plea of guilty and referral for presentence investigation." On September 6, 2006, the trial court held the sentencing hearing and filed its judgment entry. At the hearing, the trial court sentenced Barker to five years in prison on Counts IV and V, to be served concurrently to each other, three years in prison on Count VII, to be served consecutively to Counts IV and V, and 13 months in prison on Counts I and II, to be served concurrently to each other but consecutively to all other counts. After outlining this sentence on the record, the court asked Barker if he had any questions. Barker asked the court, "What is the *Page 4 
total amount of time?" The court answered, "The same that you agreed to take." However, the trial court's orders, which were journalized, resulted in an aggregate prison term of nine years and one month. Barker appeals his sentence, asserting one assignment of error for our review.
 Assignment of Error The trial court erred when it indicated it honored the sentence recommendation, but imposed a different sentence.
 {¶ 6} Barker contends that based on the trial court's statement that he had received the time he agreed to take, the court intended to impose the recommended sentence of five years. In response, the state contends that the trial court is not bound by the terms of an agreed sentencing recommendation. The state argues that Barker's reliance on the agreed sentencing recommendation is misplaced.
 {¶ 7} A trial court has broad discretion in sentencing a defendant.State v. Mallory, 3rd Dist. No. 1-06-69, 2007-Ohio-1083, at ¶ 9, citing State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, at ¶ 100. Therefore, absent an abuse of discretion, a trial court's sentence will not be reversed on appeal. An "'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144, internal citations omitted.
"Final judgment on acceptance of a plea agreement and sentencing rests *Page 5 
with the discretion of the trial court," and therefore, the terms of a negotiated plea agreement do not restrict a court's discretion in sentencing. State v. Pettiford, 12th Dist. No. CA2001-08-014, 2002-Ohio-1914, citing In re Disqualification ofMitrovich (1990), 74 Ohio St.3d 1219, 1220, 657 N.E.2d 1333; State v.Elliott (1993), 86 Ohio App.3d 792, 797, 621 N.E.2d 1272; State v.McKinney (Feb. 8, 1999), 12th Dist. No. CA98-02-008, unreported, citing State v. Acoff (1992), 80 Ohio App.3d 765, 767,610 N.E.2d 619; Akron v. Ragsdale (1978), 61 Ohio App.2d 107, 109,399 N.E.2d 119.
 While a trial court should not completely disregard the sentence recommended by the prosecutor, it does not err by imposing a sentence greater that that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.
Id., State v. Darmour (1987), 38 Ohio App.3d 160, 529 N.E.2d 208.
 {¶ 8} Prior to entering his plea, Barker was notified that the trial court could depart from the parties' joint sentencing recommendation. The written change of plea, which was signed by Barker and filed on August 15, 2006, contained a statement apprising him of the potential sentences the trial court could impose. Also, the sentencing recommendation, which Barker signed, stated, "[i]t is understood that the foregoing is a binding agreement between the parties, and althoughnot binding on the Court, if the Court adopts the agreement and imposes *Page 6 
it for sentencing, it is not appealable * * * ." (Emphasis added.). Since Barker did not request a transcript from the change of plea hearing, we must presume that the trial court notified him on the record as to the potential sentences. State v. Miyamoto, 3rd
Dist. No. 14-05-43, 2006-Ohio-1776, at ¶ 11, quoting Hartt v.Munobe, 67 Ohio St.3d 3, 7, 1993-Ohio-177, 615 N.E.2d 617; State v.Pringle, 3rd Dist. No. 2-03-12, 2003-Ohio-4235, at ¶ 10 ("Absent a complete and adequate record, '[a]n appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below.'"). Therefore, at the time he entered his plea, Barker was on notice that the trial court could deviate from the recommended five-year prison term.
 {¶ 9} Both on the record and in its journal entry, the court stated that it had considered the principles and purposes of felony sentencing, the statements offered by counsel, Barker's statement in mitigation, the pre-sentence report, and the victim impact statement, and that it had balanced the seriousness and recidivism factors. Both on the record and in its journal entry, the court imposed the same nine-year and one-month sentence, even though it deviated from the sentencing recommendation. If the court intended to impose the longer sentence, its judgment would not be in error on this record.
 {¶ 10} However, for purposes of appellate review, we are unclear whether the trial court intended to impose the recommended sentence or the longer *Page 7 
sentence. The trial court specified a sentence of nine years and one month on the record, and the judgment was journalized to reflect the same. As stated, this alone would not present a problem; however, in response to the defendant's question, "[w]hat is the total amount of time?", the court answered, "[t]he same that you agreed to take." (emphasis added.). The court's statement is certainly ambiguous, creating an internal inconsistency and casting doubt on the sentence. From its statements on the record, we are unclear as to whether the court really intended to follow the plea agreement and impose the recommended sentence of five years, or whether the court really intended to impose, and understood it was imposing, a longer sentence. Although a court generally speaks through its journal entries, a defendant is entitled to know his sentence at the sentencing hearing. Crim.R. 43;State v. Muttart, 3rd Dist. No. 5-05-08, 2006-Ohio-2506, at ¶ 59, citing State ex rel. Geauga Cty. Bd. Of Commrs. v.Milligan, 100 Ohio St.3d 366, 2003-Ohio-6608, 800 N.E.2d 361, at ¶ 20, citing State ex rel. Marshall v. Glavas, 98 Ohio St.3d 297,2003-Ohio-857, 784 N.E.2d 97, ¶ 5. Due to the ambiguity or inconsistency in the record, wherein we are unable to determine whether the court intended to follow or disregard the sentencing recommendation, we must seek clarification and therefore, to this extent only, we sustain the sole assignment of error. *Page 8 
 {¶ 11} The judgment of sentence of the Union County Common Pleas Court is vacated and this cause is remanded for re-sentencing.
Judgment vacated and cause remanded.
 SHAW and PRESTON, JJ., concur. *Page 1