Lanzinger, J.,
dissenting.
{¶ 31} This court’s precedent on postrelease-control error continues to bedevil us, requiring backtracking on issues that logically flow from the idea that sentences with postrelease-control error are “void.” I would overrule State v. Singleton, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, and hold that the procedure enacted by the General Assembly to correct postrelease-control error may be applied retroactively. See Singleton at ¶ 56-66 (Lanzinger, J., concurring in part and dissenting in part). R.C. 2929.191(C) addresses due process concerns by allowing a defendant a hearing, after which there would be the opportunity to inspect any entry altered to comply with the requirements of imposing postrelease control.
I. The complete absence of postrelease control in a sentencing entry is more than a clerical error
{¶ 32} Today the court holds that absence of postrelease control in a sentencing entry is mere clerical error that may be corrected through a nunc pro tunc entry without a new hearing, provided that the sentencing court properly notified the defendant of the imposition of postrelease control at sentencing.
{¶ 33} But an amendment of the kind before us is more than the correction of a clerical error. Qualls was sentenced on August 15, 2002, and postrelease control was not mentioned in his sentencing entry. The majority states that “[w]hen the omission came to light, the trial court, in 2010, corrected the sentencing entry through a nunc pro tune entry that stated that the notification had been made.” Majority opinion at ¶ 1. But the addition to Qualls’s sentencing entry made eight years after his sentencing hearing corrects far more than a clerical error; this was not a mistake in transcription, a slight correction, or even a single, omitted fact. See State v. Lester, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142 (nunc pro tunc entry added statement that the defendant had been convicted by a jury). The following two additional paragraphs were entered:
*508 For the Kidnapping offense only, the Court notified the Defendant that upon his release from prison, if such event should ever happen, the Defendant shall be subject to a five year mandatory period of post-release control, by the Parole Board. The Court further advised the Defendant that if he violates any condition of any post-release control sanctions by committing a new felony, the sentencing Court for that felony may terminate the period of post-release control and impose a prison term for that violation, the maximum of which shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the Defendant has spent under post-release control for the earlier felony.
The Defendant was further advised that if he should be released from prison and after his release he should violate the terms and conditions of Post Release Control, the Adult Parole Authority could send him back to prison for up to nine (9) months, and for repeated violations for a term not to exceed 50% of the original term as Ordered by this Court. He was further advised that if the violation is a new felony, he could not only be sent to prison for the new felony, but that the sentencing Court could add to that sentence the greater of one year or the balance of the time remaining on Post Release Control.
{¶ 34} We have stated that postrelease control is a part of the original judicially imposed sentence and that unless the sentencing entry includes proper notice, the parole board has no authority over a defendant at the time of release. Woods v. Tell, 89 Ohio St.3d 504, 512-513, 733 N.E.2d 1103 (2000). And although the court has the statutory duty to accurately notify a defendant of mandatory postrelease control, it is also axiomatic that “[a] court of record speaks only through its journal entries.” State ex rel. Geauga Cty. Bd. of Commrs. v. Milligan, 100 Ohio St.3d 366, 2003-Ohio-6608, 800 N.E.2d 361, at ¶ 20; see also Kaine v. Marion Prison Warden, 88 Ohio St.3d 454, 455, 727 N.E.2d 907 (2000); Schenley v. Kauth, 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus (“A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum”). “Were the rule otherwise it would provide a wide field for controversy as to what the court actually decided.” Indus. Comm. v. Musselli, 102 Ohio St. 10, 15, 130 N.E. 32 (1921).
II. R.C. 2929.191 provides a sensible approach to correcting sentencing entries that fail to include postrelease control
{¶ 35} There are three ways in which a trial court might err with respect to postrelease control. First, the trial court could fail to properly orally notify the defendant about postrelease control or properly impose it at the sentencing *509 hearing. Second, the trial court could fail to incorporate the proper notification given or the imposition of postrelease control in the judgment entry. Third, the trial court could fail to do both — to give oral notification and to include postrelease control language in the judgment entry. As the majority stated in Singleton, the opinion refusing retroactive application to R.C. 2929.191, the General Assembly intended to cover all types of error:
Effective July 11, 2006, R.C. 2929.191 establishes a procedure to remedy a sentence that fails to properly impose a term of postrelease control. It applies to offenders who have not yet been released from prison and who fall into at least one of three categories: those who did not receive notice at the sentencing hearing that they would be subject to postrelease control, those who did not receive notice that the parole board could impose a prison term for a violation of postrelease control, or those who did not have both of these statutorily mandated notices incorporated into their sentencing entries. R.C. 2929.191(A) and (B).
(Emphasis added.) 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 23. R.C. 2929.191 provides that a trial court may, after conducting a hearing with notice to the offender, the prosecuting attorney, and the Department of Rehabilitation and Correction, correct an original judgment of conviction by issuing a nunc pro tunc entry that includes statements that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term if the offender violates postrelease control.
{¶ 36} The legislation enacting R.C. 2929.191, Am.Sub.H.B. No. 137, 151 Ohio Laws, Part IV, 7622 (“H.B. 137”), also amended R.C. 2967.28, 2929.14, and 2929.19. The legislation provides a procedure to correct sentences in which the trial court failed either to notify the offender of postrelease control or to include postrelease control in the sentencing entry. As amended, R.C. 2967.28(B)[4] provided:
Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to division (B)(3)(c) of section 2929.19 of the Revised Code regarding post-release control or to include in the judgment of conviction entered on the journal or in the *510 sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code a statement regarding post-release control.
(Emphasis added.) Likewise, R.C. 2929.14(F)(1) and 2929.19(B)(3)(c) and (e), also amended by H.B. 137, provide that if a court imposed a sentence before July 11, 2006, and failed either to notify the offender of postrelease control or to include postrelease control in the judgment entry, then R.C. 2929.191 applies.
{¶ 37} R.C. 2929.191 provides:
(A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.
* * *
(2) If a court prepares and issues a correction to a judgment of conviction as described in division (A)(1) of this section before the offender is released from imprisonment under the prison term the court imposed prior to the effective date of this section, the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction and shall provide a copy of the entry to the offender or, if the offender is not physically present at the hearing, shall send a copy of the entry to the department of rehabilitation and correction for delivery to the offender. If the court sends a copy of the entry to the department, the department promptly shall deliver a copy of the entry to the offender. The court’s placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the sentence and the judgment of conviction entered on the journal and had notified the offender that the offender will be so supervised regarding a sentence *511 including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code * * *.
* * *
(C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court’s own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.
{¶ 38} I continue to believe that R.C. 2929.191 provides “a simple means by which trial courts might correct judgments that lacked a mandatory term of postrelease control.” Singleton, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 65 (Lanzinger, J., concurring in part and dissenting in part). The statute includes a number of procedural protections — including the right to notice and to be present at the hearing — to ensure that postrelease control is properly imposed. In enacting the statute, the General Assembly specifically provided that these protections apply when the court failed to include a statement regarding postrelease control in the sentencing entry.
{¶ 39} The majority makes much of the fact that Qualls conceded that proper oral notification was given during the sentencing hearing. Because he failed to challenge the oral notification of postrelease control, the majority concludes that “he has no substantive grounds upon which to pursue an appeal relating to the imposition of postrelease control.” Majority opinion at ¶ 25. This statement ignores the fact that even if proper oral notification is given, a trial court also errs in imposing postrelease control when it does not include that notification in the judgment entry. Furthermore, the statement ignores that R.C. 2929.191 specifically states that it applies when a court fails to include a statement regarding postrelease control. Because I agree with the General Assembly that *512 the failure to include postrelease-control notification in a sentencing entry should be remedied by conducting a hearing pursuant to R.C. 2929.191, I would reverse the judgment of the court of appeals.
Colleen S. Williams, Meigs County Prosecuting Attorney, and Amanda Bizub-Franzmann, Assistant Prosecuting Attorney, for appellee.
Timothy Young, Ohio Public Defender, and Katherine A. Szudy and E. Kelly Mihocik, Assistant Public Defenders, for appellant.
III. Conclusion
{¶ 40} The majority today adds another layer of complexity to the thicket of postrelease-control decisions through which both the state and defendants must navigate when dealing with a trial court’s failure to properly impose postrelease control. This opinion whittles away at the legislative process adopted to address postrelease-control errors by stating that today’s decision “applies to those postrelease-control cases involving an omission of the type that occurred here, without regard to whether the sentencing hearing was held after the effective date of R.C. 2929.191.” Majority opinion at ¶ 29. Thus, a conflict appears with both the corrective statute (in which a hearing must be held in all cases pursuant to R.C. 2929.191 when no statement regarding postrelease control is included in the sentencing entry) and this court’s decision in Singleton, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph two of the syllabus (in which trial courts “shall apply the procedures set forth in R.C. 2929.191” when correcting sentences imposed on or after July 11, 2006, that “failed to properly impose postrelease control”). The simpler solution is to use the procedure set forth in R.C. 2929.191 in all cases.
{¶ 41} The fact that Qualls does not argue that his notification of postrelease control was inadequate at the time he was sentenced should not bar him from the opportunity to have a hearing pursuant to R.C. 2929.191(C) before the entry is corrected. I respectfully dissent.

. R.C. 2967.28 has been amended twice since 2006. The language quoted here is from H.B. 137.