[Cite as *State v. Puttick*, 2013-Ohio-3295.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 12CA0012 |
| | : | (consolidated with 12CA0013 and |
| TODD PUTTICK | : | 12CA0014) |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Morrow County Court of Common Pleas, Case Nos. 09-CR-0116, 09-CR-0183, 10-CR-0145

JUDGMENT:      REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:      July 17, 2013

APPEARANCES:

For Plaintiff-Appellee:

CHARLES HOWLAND
MORROW COUNTY PROSECUTOR

JOCELYN STEFANCIN
60 E. High St.
Mt. Gilead, OH 43338

For Defendant-Appellant:

WILLIAM T. CRAMER
47 Olde Worthington Rd., Suite 200
Westerville, OH 43082

*Delaney, J.*

{¶1}   Defendant-Appellant Todd Puttick appeals his sentencing pursuant to July 24, 2012 nunc pro tunc sentencing entries issued by the Morrow County Court of Common Pleas.  Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   In January 2011, Defendant-Appellant Todd Puttick pleaded guilty and was sentenced by the trial court in three separate criminal cases.  The trial court held one sentencing hearing for the disposition of the three cases.

{¶3}   In Case No. 2009CR0116, Puttick pleaded guilty to drug possession, a felony of the fifth degree in violation of R.C. 2925.11 and operating a motor vehicle under the influence of cocaine, a first degree misdemeanor in violation of R.C. 4511.19. The trial court imposed an 11-month prison term for the charge of drug possession and a concurrent term of 180 days for OVI.

{¶4}   In Case No. 2009CR0183, Puttick pleaded guilty to carrying a concealed weapon, in violation of R.C. 2923.12 and unauthorized use of a motor vehicle, in violation of R.C. 2913.02.  The trial court sentenced Puttick to a 17-month prison term on the weapons charge and a concurrent 6-month prison term for the unauthorized use charge.

{¶5}   In Case No. 2010CR0145, Puttick pleaded guilty to drug possession in violation of R.C. 2925.11.  The trial court sentenced Puttick to 11 months in prison.

{¶6}   Puttick and the State agree at the sentencing hearing on January 7, 2011, the trial court stated in open court the sentences for the three cases would be served *consecutively* for a total prison term of 39 months.  The trial court suspended the

imposition of the sentences and placed Puttick on five years of community control sanctions.

{¶7} The trial court filed the sentencing entries on February 1, 2011. The sentencing entries stated the prison terms for the three cases would be served *concurrently*. If the sentences were served concurrently, the prison term would be 17 months.

{¶8} On May 17, 2012, the State filed a motion to revoke Puttick's community control sanctions. A merit hearing was held on July 2, 2012 and the trial court found Puttick violated his community control sanctions. The matter was set for a dispositional hearing on August 2, 2012.

{¶9} On July 24, 2012, the trial court issued nunc pro tunc sentencing entries modifying the original sentencing entries to specify the prison terms were to run consecutively, not concurrently.

{¶10} The trial court issued its dispositional judgment entries on August 30, 2012. The entries issued for the three criminal cases state the trial court revoked Puttick's community control and the trial court imposed the previously suspended prison terms to be served consecutively, for a total term of 39 months.

{¶11} Puttick now appeals.

### ASSIGNMENT OF ERROR

{¶12} Puttick raises one Assignment of Error:

{¶13} "THE TRIAL COURT VIOLATED DUE PROCESS AND R.C. 2929.19 BY WAITING UNTIL AFTER APPELLANT VIOLATED COMMUNITY CONTROL TO AMEND THE ORIGINAL SENTENCING ENTRIES NUNC PRO TUNC TO INDICATE

THAT THE PRISON TERMS FOR VIOLATING COMMUNITY CONTROL WOULD BE IMPOSED CONSECUTIVELY."

## ANALYSIS

{¶14} Puttick argues the trial court could not impose a 39-month prison sentence for violation of his community control sanctions because the original sentencing entries indicated his prison terms would run concurrently, not consecutively.  The trial court could not avoid the 17-month prison term by issuing a nunc pro tunc entry after the trial court revoked his community control sanctions.  We agree.

{¶15} In *State v. Sheffield*, 8th Dist. No. 95434, 2011-Ohio-2395, the Eighth District Court of Appeals was presented with a set of similar facts.  In *Sheffield*, the trial court sentenced defendant on April 10, 2006.  The trial court sentenced defendant to five years of community control sanctions with conditions and ordered him to pay $25,000 in restitution.  At the end of the sentencing hearing, the judge warned defendant that if he violated the community control sanctions, the judge would send him to prison.  Specifically, the judge told him: "Let me spell that out for you.  You have four F3's.  Five years on each F3.  Eighteen months on 15 F4's.  You have two F5's, 12 months for each of those.  I'll run them consecutive.  I'll lock you up, throw away the key, because we have to protect your family and the rest of society."  *Id.* at ¶ 3.

{¶16} The subsequent journal entry stated, "Violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 5 years as approved by law.  (5 years each F–3, 18 months each F–4 and 12 months each F–5, counts to run concurrent to each other)."  *Id.* at ¶ 4-5.

{¶17} The defendant violated his community control sanctions. A violation hearing was held on August 16, 2006 and the trial court sentenced defendant to eight years of incarceration. On September 19, 2006, the trial court issued a nunc pro tunc judgment entry regarding the original sentencing entry to reflect that "violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 44 years, 6 months as approved by law. (Counts to run consecutive to each other)." *Id.* at ¶ 7-8.

{¶18} On appeal, the defendant argued the length of his prison term was limited to five years because the original journal entry of sentencing indicated that violation of community control sanctions "may result in more restrictive sanctions, or a prison term of 5 years as approved by law. (5 years on each F–3, 18 months each F–4 and 12 months each F–5, counts to run concurrent to each other)." *Id.* at ¶ 22. He argued on appeal that the trial court could not avoid the five-year limit by issuing a nunc pro tunc entry changing five years to 44 years, 6 months after it had already revoked his probation and imposed an eight-year sentence.

{¶19} The Eighth District examined R.C. 2929.19(B)(5) in reaching its decision to vacate the sentence of the trial court. R.C. 2929.19(B)(5) provides that if a sentencing court decides to place an offender on community control, that court "shall notify the offender that, if the conditions of the sanction are violated * * * [the court] may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation * * *." Further, a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions

of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation. *Sheffield*, at ¶ 18 citing *State v. Brooks,* 103 Ohio St.3d 134, 2004–Ohio–4746, 814 N.E.2d 837, paragraph two of the syllabus.

{¶20} The *Sheffield* court stated:

In *Brooks,* the Ohio Supreme Court found that "the purpose behind R.C. 2929.19(B)(5) notification is to make the offender aware *before a violation* of the specific prison term that he or she will face for a violation." (Emphasis sic.) *Id.* at ¶ 33. Further, "[i]t is axiomatic that '[a] court of record speaks only through its journal entries.' " *Hernandez v. Kelly,* 108 Ohio St.3d 395, 2006–Ohio–126, 844 N.E.2d 301, ¶ 30, quoting *State ex rel. Geauga Cty. Bd. of Commrs. v. Milligan,* 100 Ohio St.3d 366, 2003–Ohio–6608, 800 N.E.2d 361, ¶ 20. Here, the language of the trial court's journal entry was clear and unambiguous: it informed Sheffield that a violation of community control sanctions could result in a prison term of five years; there was no mention of a prison sentence of eight years.

This court has held that under Crim.R. 36, nunc pro tunc entries may be used to correct mathematical calculations and typographical or clerical errors and, hence, may be used to correct a sentencing entry to reflect the sentence the trial court imposed upon a defendant at a sentencing hearing. *State v. Spears,* Cuyahoga App. No. 94089, 2010–Ohio–2229, ¶ 10. Nevertheless, we are persuaded by Sheffield's argument that the trial court could not avoid the clear and unambiguous five-year limit by issuing a nunc pro tunc sentencing journal entry

changing "five years" to "44 years, 6 months" almost a month *after* it had already revoked Sheffield's probation and imposed an eight-year sentence. This kind of "after-the-fact" notification "totally frustrate[s]" the purpose of R.C. 2929.19(B)(5), which as noted, is to provide notice to the offender *before* a violation of the specific prison term he could face for a violation. *Id.* Here, Sheffield had notice that if he violated community control, he could receive five years in prison. Accordingly, we hold that the trial court's attempt to exceed the five-year maximum prison term by altering its journal entry after it had sentenced Sheffield to eight years in prison contradicts *Brooks* and violates principles of due process.

*Sheffield* at ¶ 23-24.

{¶21} We find the persuasive authority of *Sheffield* to be applicable to the facts of the present case.

{¶22} Puttick's Assignment of Error is sustained. The August 30, 2012 judgment entries are vacated as to sentencing only and the case is remanded to the trial court for resentencing consistent with the terms stated in the February 1, 2011 sentencing entries.

**CONCLUSION**

{¶23} The sole Assignment of Error of Defendant-Appellant Todd Puttick is sustained.

{¶24} The judgment of the Morrow County Court of Common Pleas is vacated as to sentencing only and the case remanded to the trial court for resentencing consistent with the terms stated in the February 1, 2011 sentencing entries.

By: Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.

HON. PATRICIA A. DELANEY

HON. WILLIAM B. HOFFMAN

HON. CRAIG R. BALDWIN